UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DeWAYNE STEWARD,

    Petitioner,

-vs-                                              Case No. 8:13-cv-765-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This matter is before the Court on Petitioner's Motion for Relief from Judgment (Dkt. 11) filed pursuant to Rule 60(b), Fed. R. Civ. P. Petitioner requests the Court reconsider its July 25, 2013 Order (see Dkt. 10) dismissing Petitioner's petition for writ of habeas corpus as time barred.

Rule 60(b) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void

  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

equitable; or

(6) any other reason that justifies relief.

Petitioner argues that the Order dismissing his petition as time barred is erroneous and will result in a manifest injustice because "he is actually innocent of the non-capital sentencing enhancement and his guilty plea is constitutionally invalid." (Dkt. 11 at p. 5). The motion's grounds, therefore, do not fit within any of the specific circumstances set out in Rule 60(b)(1)-(5). Consequently, the Court will treat Petitioner's motion as arising under Rule 60(b)(6).

"[R]elief under [60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Plaintiff has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's order.

Plaintiff argues that he is "actually innocent" of the prison releasee reoffender sentencing enhancement he received.[1] Specifically, he alleges that he should not have been classified as a prison releasee reoffender because a prison releasee reoffender is defined as one who commits an enumerated crime "within three years of being released from a state correctional facility operated by the Department of Corrections or a private vendor," § 775.082 (8)(a)1., Fla. Stat. (1997), and he was not released from a Florida correctional facility, but rather from a correctional facility of another state.

"[T]here is an 'equitable exception' to the statute of limitations applicable to habeas claims,

---

[1] "Florida Statute § 775.082(9) provides for enhanced sentencing penalties for defendants that commit crimes within three years of release from the Department of Corrections. Such defendants are designated Prison Releasee Reoffenders." *Foster v. Sec'y, Dep't of Corr.*, 2012 U.S. Dist. LEXIS 161948, at *3 n.1 (M.D. Fla. Nov. 9, 2012).

28 U.S.C. § 2244(d)[.]" *Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (citing *McQuiggin v. Perkins*, U.S. , 133 S.Ct. 1924, 185 L. Ed. 2d 1019 (2013)). The exception, however, applies "only when the petitioner presents *new evidence* that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* (quoting *McQuiggin*, 133 S.Ct. at 1931, 1933) (emphasis added). Petitioner's actual innocence claim fails, as he presents no new evidence of his factual innocence of the prison releasee reoffender sentence. His 2001 release from a state correctional facility in Washington (rather than a Florida correctional facility) existed and was known to Petitioner at the time the sentence was imposed in 2004. (Doc. 18, ex. A).

Moreover, this circuit has not "resolve[d] whether the actual-innocence exception extend[s] to...non-capital sentencing contexts[.]" *Hill v. United States*, 2013 U.S. App. LEXIS 20461, at *6 (11th Cir. Oct. 8, 2013) (unpublished). And, even if the exception does apply to non-capital sentencing contexts, the actual-innocence exception does not apply in this case because Petitioner argues only that he is legally innocent of the prison releasee reoffender enhancement, not that he is factually innocent of the underlying crime that serves as the predicate for the enhanced sentence. *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) (holding that § 2255 movant's procedural default was not excused by claim of legal innocence of sentence as a career offender).[2]

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion for Relief from Judgment (Dkt. 11) is **DENIED**.

2. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby

---

[2]Petitioner's assertion that his plea was "constitutionally invalid" is not a claim of actual innocence. *See, e.g., Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir.1990) (invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence).

**DENIED** a certificate of appealability because he has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit Court of Appeals. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on _OCTOBER 22nd_, 2013.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*